■ VALEO ENGINE COOLING, INC., et al., Respondents-Appellants, v GUY F. ATKINSON COMPANY OF CALIFORNIA et al., Appellants-Respondents. [658 NYS2d 285] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 3, 1996, which, insofar as appealed from, granted defendants' motion to dismiss the complaint for failure to state a cause of

action insofar as addressed to the first cause of action and denied the motion insofar as addressed to the fifth and sixth causes of action, unanimously modified, on the law, to deny the motion as to the first cause of action and reinstate that cause of action, and otherwise affirmed, without costs.

The documents prepared by defendants setting forth the terms of the bidding for the sale of defendant Atkinson's subsidiary provided that, upon acceptance of an offer, Atkinson and the purchaser "will promptly execute and deliver a definite purchase agreement". That undertaking is clearly inconsistent with defendants' rescission of their acceptance of plaintiff's offer in favor of a higher offer allegedly submitted after the deadline for submitting offers. Although the bidding documents reserved Atkinson's right to accept or reject any offer in its absolute discretion, there was no express reservation of a right to rescind an acceptance. Accordingly, plaintiffs' first cause of action for breach of contract is viable, and we modify to reinstate it. Also viable are plaintiffs' causes of action for breach of the duty to hold a fair auction and unjust enrichment. Concerning the former, while ordinarily an auction entails a "public sale of property to the highest bidder, conducted by receiving, competitive oral bids" (7 NY Jur 2d, Auctions and Auctioneers, § 1), once the parties agreed to a private auction to selected potential purchasers who submitted written bids, the auction had to be conducted fairly pursuant to its terms. Concerning the latter, it is sufficient, as plaintiffs allege, that defendants induced them into spending approximately $300,000 investigating and evaluating the subsidiary, and then unfairly used plaintiffs' offer as a "foil" to get a higher offer after plaintiffs' offer had been accepted. Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.